UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62897-CIV-DIMITROULEAS

PATRICIA KENNEDY,

vs.

NEW YORKER HOTEL MIAMI, LLC,
d/b/a THE NEW YORKER,

_____/
        Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT

THIS CAUSE is before the Court on Defendant New Yorker Hotel Miami, LLC

("Defendant" or "New Yorker")'s Motion to Dismiss Plaintiff's Amended Complaint ("AC")

for: (1) Failure to Join Indispensable Parties; (2) Failure to Establish Article III Standing; and (3)

Failure to State a Cause of Action [DE 20] ("Motion"), filed herein on March 27, 2019. The

Court has carefully reviewed Plaintiff Patricia Kennedy ("Plaintiff" or "Kennedy")'s AC [DE

16], the Motion [DE 20], the Response [DE 23], the Reply [DE 25], and is otherwise fully

advised in the premises.

### I.      Background

According to the allegations of the AC,[1] Plaintiff is bound to ambulate in a wheelchair, or

with a cane or other support, and has limited use of her hands. [DE 16] ¶ 1. Defendant owns a

place of public accommodation, a place of lodging, known as New Yorker Boutique Hotel

located at 6500 Biscayne Blvd., Miami, Miami-Dade, Florida (the "Property"). [DE 16] ¶ 3.

Plaintiff brought this suit against Defendant for allegedly violating Title III of the Americans

---

[1] All facts set forth in the background are according to the allegations of the Amended Complaint [DE 16], which
the Court assumes as true for purposes of this Motion.

with Disabilities Act ("ADA"), 42 U.S.C. §12181(a) which prescribes, as a "[g]eneral rule":

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

More specifically, she brought this suit against Defendant for allegedly violating 28

C.F.R. § 36.302(e)(1)(2011), which requires, in relevant part:

> Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party-
>   (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>   (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>   (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>   (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservation systems; and
>   (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

28 C.F.R. § 36.302(e)(1).

Defendants, either by themselves or by and through a third party, implemented, operate,

control and/or maintain a website, http://newyorkerboutiquehotel.us/, (the "Website") for the

Property. The Website contains an online reservations system to reserve guest accommodations.[2] [DE 16] ¶ 9. Plaintiff visited the Website to assess the accessible features at the Property, but was unable to do so because Defendant failed to provide this information in compliance with the requirements set forth in 28 C.F.R. § 36.302(e)(1). Plaintiff alleges that the Website remains noncompliant and she faces a continuing threat of discrimination from that non-compliance. Plaintiff intends to visit the Website again "[i]n the near future…in order to test it for compliance with 28 C.F.R. § 36.302(e)(1) and/or to utilize the Website to reserve a guest room and otherwise avail herself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Property." [DE 16] ¶¶ 10, 11.

Defendant filed the instant motion to Dismiss, arguing that Plaintiff failed to join indispensable parties, that Plaintiff lacks Article III standing, and that Plaintiff failed to state a cause of action under Federal Rule of Civil Procedure 12(b)(6).

## II.    Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 44, 555 (2007)). A pleading that asserts mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. And "on the assumption that all the allegations are true (even if doubtful in fact)," the factual allegations pleaded "must be enough to raise a right to relief above the speculative level." *Id.* "Threadbare recitals of the elements of a cause of action, supported by

---

[2] The third-party websites named by Plaintiff in her AC are hereinafter interpreted to be included in "Website".

mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (brackets in original) (quoting Fed. R. Civ. P. 8(a)(2)). "The Supreme Court has employed a 'two-pronged approach' in applying the foregoing principles: first, a reviewing court should eliminate any allegations in the complaint that are merely legal conclusions; and second, where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Boyd v. Warden, Holman Correctional Facility*, 856 F. 3d 853, 864 (11th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 679).

## III.   Discussion

Defendant filed the instant Motion to Dismiss arguing that Plaintiff failed to join indispensable parties, that Plaintiff lacks Article III standing, and that Plaintiff failed to state a cause of action under Federal Rule of Civil Procedure 12(b)(6) because the Website does not qualify as a service of public accommodation under the ADA and because Plaintiff's counsel has been previously admonished for filing boilerplate form ADA complaints like the Complaint and AC  in this case. *See* [DE 20]. The Court finds the AC is adequately pled, so the motion is denied.

### A. Failure to Join Indispensable Parties

Federal Rule of Civil Procedure 19(a) states that a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>   (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
>   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

Further, to determine whether a party is indispensable, and whether the action should proceed among the existing parties or should be dismissed, the court should consider:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Defendant argues that complete relief cannot be accorded among the parties, as it has no control over the Website. Therefore, Defendant contends, a judgment rendered in the absence of the third-party websites would be inadequate, as the injunctive relief Plaintiff seeks could not be fulfilled. Defendant also argues that an injunction requiring modifications to the website would cause duplicative and perpetual litigation with inconsistent results. Defendant's alleged inability

to revise the Website also indicates that the Court cannot shape Plaintiff's relief or lessen the prejudice suffered by Defendant. Additionally, Defendant asserts that any judgment issued would not be binding on the true owners of these websites absent their joinder, and such would prevent relief to Plaintiff. Defendant argues that Plaintiff can refile this suit naming the actual owners of the websites and that her only risk of prejudice is that she may have to file suit in different venues.

Plaintiff argues that the language of the Regulation indicates that liability will be imposed on Defendant for its discriminatory online system even if the system is operated through third parties. 28 C.F.R. § 36.302(e)(1) (the "Regulation"). Plaintiff points to the guidelines issued by the Department of Justice ("DOJ") on the Regulation,[3] which state that hotels and other places of lodging that use third-party systems must provide those third-party services with information concerning the accessible features of the hotel.[4] Further, Plaintiff points to 42 U.S.C. § 12182(a) and notes that it is devoid of language that would give her any right of action against the third parties. It only imposes liability on any person "who owns, leases (or leases to), or operates a place of public accommodation." *Id.* Plaintiff contends that the third-party websites mentioned do not fit that description and are thus not subject to liability. Finally, Plaintiff argues that Defendant likely does have control, as their systems for other hotels are completely compliant, and that Defendant can add the third parties if it so chooses.

Based upon the language of the Regulation, the Court finds that Plaintiff has adequately alleged that the website violates the ADA and that Defendant is responsible for that non-

---

[3] These guidelines are persuasive and not binding on this Court.

[4] The guidelines note that if the third party fails to provide accessibility information to disabled individuals even after the hotel has provided it, the hotel may not be held responsible. Plaintiff also argues, based on the guidelines, that because the third parties must rely on the place of lodging to provide the required information, the Department declines to extend this requirement directly to those third-party reservations services.

compliance. Plaintiff has adequately alleged that Defendant is a public accommodation that owns, leases (or leases to), or operates a place of lodging that offers reservations through a third party (the Website), and as such is responsible for modifications and all other requirements under the Regulation with respect to reservations made by a third party. 28 C.F.R. § 36.302(e)(1). The Court does not find that the third parties need to be joined at this juncture.

## B. Lack of Standing

Defendant argues that Plaintiff does not have standing based on the "totality of the circumstances" test and her failure to demonstrate a threat of future injury.[5] Plaintiff argues she has standing and that either the test is inapplicable to websites, because there is no physical location and no travel is required, or the factors therein weigh heavily in her favor, because the distance from her residence to the situs of discrimination is zero, and the frequency of travel near the site of discrimination is constant. While it is unclear whether the site of discrimination refers to the Website, as Plaintiff has interpreted it, or to the physical hotel location, Plaintiff's allegations in the AC are adequate to support Article III standing because: (1) she has an injury in fact in that she suffered discrimination through the Website and will likely be affected by the same when she revisits the Website; (2) the injury was caused by Defendant's failure to provide the requisite information on the Website; and (3) the injury will likely be redressed if injunctive relief is granted and Defendant must modify its Website to comply with the ADA requirements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). *See also Houston*, 733 F.3d at 1328-29 (noting that a plaintiff seeking injunctive relief requires an additional showing that there

---

[5] The "totality of the circumstances" test looks to the following factors in assessing the threat of future ADA violations: (1) proximity of the public accommodation to Plaintiff's home; (2) Plaintiff's past patronage of Defendant's accommodation; (3) the definiteness of Plaintiff's plan to return to Defendant's accommodation; and (4) the frequency of Plaintiff's travel near Defendant's accommodation. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1327 (11th Cir. 2013).

is a "sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future" as to the "injury-in-fact" element (quoting *Wooden v. Bd. Of Regents of Univ. Sys. Of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001)); *Poschmann v. Coral Reef of Key Biscayne Developers, Inc.*, No. 17-CV-14363, 2018 WL 3387679, at *3 (S.D. Fla. May 23, 2018).

### C. Failure to State a Cause of Action

The Eleventh Circuit has held that when a website is a service that facilitates the use of a place of public accommodation, the ADA is clear that those services offered as part of its place of public accommodation "cannot discriminate against people on the basis of a disability, even if those goods and services are intangible." *Haynes v. Dunkin' Donuts LLC*, 741 F. App'x 752, 754 (11th Cir. 2018). Here, Plaintiff has adequately alleged discrimination on the basis of disability through Defendant's failure to provide her the same services through its website as it does for individuals without disability. Plaintiff has also adequately alleged that the Regulation applies to reservations at places of public accommodation "made by any means," including online reservations. 28 C.F.R. § 36.302(e)(1). Here, in line with the standard set forth by *Dunkin' Donuts*, Defendant has offered online reservations services as part of its place of public accommodation. These services "facilitate the use" of Defendant's hotel, but discriminate against Plaintiff by not providing hotel accessibility information in the same manner hotel information can be provided to non-disabled individuals. Therefore, the AC is adequately pled.

The Court acknowledges Defendant's argument that Plaintiff and her counsel "file hundreds of vague formulaic complaints against hotels throughout Florida" and that the present AC is "virtually identical and retains the same vague, deficient allegations" as all their "boilerplate" complaints. For this reason, and because Plaintiff's counsel has been previously admonished for filing such complaints, Defendant asserts that Plaintiff's AC should be

dismissed. The Court does not find that the AC is subject to dismissal on this ground.

## IV.    Conclusion

The Court does not find that third parties must be joined at this juncture. Plaintiff has adequately pled standing, has adequately alleged that the Website is a service that facilitates the use of Defendant hotel, and that the deprivation of that service violates the ADA.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendants' Motion to Dismiss [DE 20] is **DENIED**;

2.  Defendants shall file answer(s) to the Complaint within fourteen (14) days.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of June 2019.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
All Counsel of Record